NOT FOR PUBLICATION                                              (Doc. No. 12)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| DAVID WEBER, | : |
| Plaintiff, | : |
| v. | : Civil No. 11-5977 (RBK/KMW) |
|  | : **OPINION** |
| PILOT TRAVEL CENTERS, LLC, et al. | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter arises out of a personal injury suit between Plaintiff David Weber and Defendant Pilot Travel Centers, Inc.[1] Presently before the Court is Defendant's motion to dismiss the Amended Complaint due to Plaintiff's alleged failure to state a claim upon which relief may be granted. Because the Court finds the Amended Complaint adequately sets forth the nature of Plaintiff's claims and the grounds upon which they rest, Defendant's motion to dismiss is denied.

## I. BACKGROUND[2]

### A. Facts

Pilot Travel Centers, LLC is the current owner of the travel plaza at which Plaintiff was allegedly electrocuted, and has assumed the liabilities of the previous owner, Flying J, Inc., with respect to ownership, maintenance and control of the plaza ("the Premises"). Stipulation of

---

[1] Plaintiff's initial Complaint included several other defendants. Compl. ¶¶ 1-9. On January 20, 2012, the parties stipulated to dismiss all defendants except Pilot Travel Centers, LLC, John Does (1-10), and ABC Entities (1-10). (Doc. No. 21).
[2] As this matter comes before the Court on a motion to dismiss, all disputed facts have been construed in favor of Plaintiff, the non-moving party.

Dismissal. ("Defendant" hereinafter refers to either Pilot Travel Centers or Flying J, Inc.) In October of 2009, Defendant requested Plaintiff's employer, Armor Shield of America, to repair a sump pump located on the Premises. Am. Compl. ¶ 16. On October 25, 2009, Armor Shield sent Plaintiff to conduct the repairs. Am. Compl. ¶ 17. While Plaintiff was preparing to mend the pump, an electric current was detected in or around the pump. Am. Compl. ¶ 18. Because the electric current rendered the planned repairs too dangerous, Plaintiff was unable to complete the job. Am. Compl. ¶ 18. Instead, Plaintiff informed Defendant's maintenance personnel that the electrical issue needed to be remedied before Plaintiff could resume his repairs. Am. Compl. ¶¶ 18-19.

The next day, Plaintiff returned to the Premises to finish repairing the pump. Am. Compl. ¶ 20. Prior to resuming his work, however, Plaintiff asked Defendant if the electrical issues identified the day before had been addressed. Am. Compl. ¶ 21. Defendant assured Plaintiff that the electrical problem had been corrected, and that Plaintiff could complete the necessary repairs. Am. Compl. ¶ 22.

Relying on Defendant's assurance, Plaintiff returned to the sump-pump area. Am. Compl. ¶ 22. But while he was "submerged" and working to fix the leak, Plaintiff was electrocuted. Am. Compl. ¶ 23. As a result, Plaintiff has suffered chronic pain, permanent injury to his left hand, and other damages. Am. Compl. ¶ 27-29.

**B. Procedural History**

On October 13, 2011 Plaintiff filed a Complaint alleging he was injured as a result of Defendant's negligent actions and Defendant's negligent failure to warn. Compl. ¶ 10. In reply, Defendant moved to dismiss Plaintiff's initial Complaint, alleging that the Complaint failed to state a claim upon which relief could be granted. Def.'s Br. 1.

On December 23, 2011 Plaintiff filed a motion to amend his Complaint (Doc. No. 17), and then opposed Defendant's motion to dismiss (Doc. No. 18). Plaintiff subsequently amended his Complaint on July 27, 2012, after receiving the Court's permission (Doc. No. 23). Following Plaintiff's amendment, Defendant neither re-filed its motion to dismiss nor requested that the Court apply its motion to the Amended Complaint. Instead, eighteen days after Plaintiff filed his Amended Complaint, Defendant filed its Answer (Doc. No. 25).

Thus the Court presently considers a motion to dismiss a Complaint that has since been replaced by an Amended Complaint, which the Defendant, despite having moved to dismiss Plaintiff's initial Complaint, has answered.

### C. The Parties' Arguments

Defendant contends that Plaintiff failed to demonstrate Defendant had knowledge of the hazardous condition, Def.'s Br. 5-6, and that Plaintiff was in the best position to avoid the risk, Def.'s Br. 6-7. Plaintiff replies that he adequately pled the necessary elements for a premises-liability claim since the facts alleged show Defendant had knowledge of the hazardous condition yet failed to take reasonable steps to protect Plaintiff whom Defendant had invited onto the Premises. Pl.'s Br. 8-11. Since Defendant knew of the hazardous condition and nevertheless informed Plaintiff it was safe for him to proceed, and as a result of Defendant's failure to remedy the hazard or warn Plaintiff, Plaintiff was injured, this Court finds that Plaintiff adequately stated a claim upon which relief may be granted.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss, courts construe all plausible facts in favor of the plaintiff. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). A court is not obligated, however, to accept the plaintiff's legal conclusions and labels. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, evaluating a motion to dismiss requires a three-part analysis: a court must first thresh the factual averments from the legal allegations, and then further winnow the implausible statements from the plausible ones. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). Finally, a court must evaluate the remaining averments to confirm that these statements, standing alone, sufficiently demonstrate plaintiff has a claim for relief. Iqbal, 129 S. Ct. at 1950.

## III. DISCUSSION

### A. Status of Defendant's Motion to Dismiss

When a party amends its Complaint, the Amended Complaint supersedes the earlier version, stripping it of any legal effect. See Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002). Nevertheless, a defendant is not necessarily required to file a new motion to dismiss merely because the Complaint was amended while defendant's motion was pending. Sunset Fin. Res., Inc. v. Redevelopment Grp. V, LLC, 417 F. Supp. 2d 632, 642 n. 15 (D.N.J. 2006) (quoting 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2005)). If some of the defects raised in the original motion remain in the new pleading the court may consider the motion as if it were addressed to the amended pleading. E.g., id.; Cellco Partnership v. Dealers Warranty, LLC, Civ. A. No. 09-1814, 2010 WL 3946713 at *1 (D.N.J. October 5, 2010).

Once a defendant files its Answer, however, it may no longer move to dismiss the Complaint under Rule 12(b)(6). Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). This is not to say a defendant can no longer raise plaintiff's failure to state a claim for which relief may be granted as a defense. A defendant may still move for a judgment on the pleadings after all pleadings have been filed.[3] Fed. R. Civ. P. 12(c); see Borough of Sayerville v. Union Carbide Corp., 923 F. Supp. 671, 675-76 (D.N.J. 1996). And of course, as Defendant did here, a defendant may include in its Answer the defense of failure to state a claim. See Fed. R. Civ. P. 12(b).

This case raises an interesting procedural issue because, while Defendant's motion to dismiss was filed before Defendant answered the Amended Complaint, Defendant has since filed its Answer. Notwithstanding this matter's unusual procedural history, however, this Court need not determine whether Defendant's motion to dismiss should be applied to the Amended Complaint. Even if this Court applies Defendant's motion to the Amended Complaint, Defendant's motion should still be denied since Plaintiff has alleged sufficient facts to place Defendant on notice of Plaintiff's claims and the grounds upon which those claims rest. See Fed. R. Civ. P. 8(a).

**B. Premises Liability**

To survive a motion to dismiss a premises-liability claim, a plaintiff must allege facts that demonstrate the defendant owed the plaintiff a duty, the defendant breached its duty, and the defendant's breach resulted in the plaintiff's harm. Polzo v. County of Essex, 960 A.2d 375, 384 (N.J. 2008) (citations omitted). For example, a commercial landowner is liable to an invitee

---

[3] Treating Defendant's 12(b)(6) motion as a motion filed under 12(c) would not influence the outcome in this motion. Like a Rule 12(b)(6) motion, Rule 12(c) requires the Court accept the Complaint's plausible and factual allegations as true, and draw all reasonable inferences in a plaintiff's favor. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). Accordingly, the analysis that follows would still apply, and the result would be the same.

5

where the invitee is injured as a result of the landowner's failure to correct or warn of defects that defendant knew existed. Monaco v. Hartz Mountain Corp., 840 A.2d 822, 831, 834 (N.J. 2004); Hopkins v. Fox & Lazo Realtors, 625 A.2d 1110, 1113 (N.J. 1993).

Over the past twenty years, the lens through which New Jersey's state courts view premises-liability claims has been refocused. E.g., Monaco, 840 A.2d at 831; Hopkins, 625 A.2d 1110. These claims were traditionally analyzed by classifying the injured visitors into three distinct categories. E.g., Jimenez v. Maisch, 748 A.2d 121, 124 (N.J. Super. Ct. App. Div. 2000). But rather than classify litigants into traditional categories of parties to whom a duty may be owed, New Jersey has been moving toward a factor-based analysis. E.g., Monaco, 840 A.2d at 831.

Under the traditional analysis, "[b]usiness owners owe to invitees a duty of reasonable care or due care to provide a safe environment for that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 818 A.2d 314, 316 (N.J. 2003). An "invitee" includes those who enter the land for a purpose connected with the business of the possessor. Accardi v. Enviro-Pak Systems Co., 722 A.2d 578, 580 (N.J. Super. Ct. App. Div. 1999); Restatement (Second) of Torts § 332(3) (1964). The purpose of this rule is to protect individuals who are performing work on another's land. Accardi, 722 A.2d at 580. Thus, a contractor who enters the property to make requested alterations or repairs qualifies as an invitee and is owed the accompanying duty of reasonable care. Restatement (Second) of Torts § 332 cmt. g (1964).

More recently, however, New Jersey courts have departed from the traditional standard. E.g., Hopkins, 625 A.2d 1110. Under the modern analysis, the scope and existence of a duty of care is dictated by the relationship between the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution. Monaco,

840 A.2d at 822-23 (quoting Hopkins, 625 A.2d at 1115-16). New Jersey's Supreme Court was driven toward this modern analysis out of fidelity to the philosophy of the common law and the principles underlying the doctrine of negligence. Hopkins, 625 A.2d 1115-16.

In the present case, Plaintiff has adequately pled a premises-liability claim under both the traditional and modern approaches. Plaintiff alleges that he was invited to the Premises to repair the sump pump, Am. Compl. ¶¶ 16-17, and that Defendant failed to remedy the electrical problem even after Plaintiff brought it to Defendant's attention, Am. Compl. ¶ 19. Plaintiff further alleges that he was electrocuted while attempting to repair the sump pump—the purpose for which he was invited onto the Premises. Am. Compl. ¶ 23. Accordingly, as the facts Plaintiff avers demonstrate Plaintiff was injured as a result of Defendant's failure to correct, inspect, or warn Plaintiff about the electrical hazard associated with the pump, and Plaintiff was working on the pump at Defendant's invitation, this Court finds Plaintiff stated a viable claim for negligence under the traditional Restatement test.

Likewise, Plaintiff has adequately pled a premises-liability claim under the modern standard discussed in Monaco. The relationship between the parties, for example, supports finding Defendant owed Plaintiff a duty of reasonable care. See Accardi, 722 A.2d at 580. According to the Amended Complaint, Defendant contracted with Plaintiff's employer, and requested they send someone to repair the sump pump. Am. Compl. ¶ 16-17. Thus, Plaintiff entered the Premises solely because Defendant invited him, and his injury was incurred while acting within the scope of Defendant's invitation.

In addition, the remaining factors identified by the New Jersey Supreme Court—the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution—likewise militate against granting Defendant's motion. See Monaco, 820

7

A.2d at 833. Plaintiff allegedly informed Defendant of the electrical hazard. Am. Compl. ¶ 18. Once informed of the hazard, Defendant had a duty to correct the hazard or to warn Plaintiff that the hazard was still present when Plaintiff returned. See Monaco, 820 A.2d 832-33. But when Plaintiff returned to the site the next day, Defendant instead informed Plaintiff "that the electrical problem had been corrected and that [Plaintiff] could now proceed to effect the mechanical repairs." Am. Compl. ¶ 22.

Further, the authority cited by Defendant to support its position that it did not owe Plaintiff a duty is inapposite since those cases are limited to instances in which the defendants were found to have no knowledge—actual or constructive—of the hazardous condition. See, e.g., Aylward v. Wal-Mart Stores, Inc., Civ. A. No. 10-4799, 2011 U.S. Dist. Lexis 62088 at *25-26 (D.N.J. 2011) (holding that the Amended Complaint failed to allege plaintiff informed anyone he was dangerously fatigued or exhibited any indication of the same). Here, Plaintiff alleges he explicitly informed Defendant of the electric current, and was later told by Defendant it was safe for him to proceed. In addition to Defendant's knowledge of the hazard, informing Plaintiff it was safe for him to proceed was an affirmative act that further distinguishes the present case from that Defendant cited.

Other cases Defendant relies on are similarly distinct. In Capriglione v. Radisson Hotels Int'l, Inc., for instance, where plaintiff sued defendant for negligence after plaintiff tripped over a pothole near the hotel's entrance, defendant had no control over the day-to-day operations of the hotel. Capriglione, Civ. A. No. 10-2845, 2011 U.S. Dist. Lexis 115145 at *6-7 (D.N.J. October 5, 2011). The Capriglione court found defendant's lack of control to be fatal to plaintiff's allegation, and therefore granted Defendant's summary judgment motion. Id. But under the facts contained in the Amended Complaint in the present case, Defendant had control over the

8

premises. Defendant's control was illustrated by Plaintiff's interaction with Defendant's maintenance personnel, and perhaps most clearly by Defendant's contracting with Plaintiff's employer to conduct repairs on the property.

This Court therefore finds that the facts averred in the Amended Complaint satisfactorily demonstrate Defendant owed Plaintiff a duty of reasonable care. The Court also finds that Plaintiff has adequately pled the remaining elements of his negligence claims. Plaintiff averred that he relied on Defendant's assurances of safety, Am. Compl. ¶¶ 21-22, that Defendant failed to maintain or inspect the Premises and the pump, Am. Compl. ¶¶ 21, 26, and that Defendant failed to warn Plaintiff of the hazardous condition, Am. Compl. ¶¶ 21-22, 26. Plaintiff further averred that the damages he suffered were the direct and proximate result of Defendant's alleged negligence. Am. Compl. ¶¶ 27-29.

## IV. CONCLUSION

To state a claim upon which relief may be granted a pleading must contain a short and plain statement of the claim demonstrating the pleader is entitled to relief. Fed. R. Civ. P. 8(a). As the Amended Complaint contains facts which, when interpreted in favor of Plaintiff, support each element of Plaintiff's claims, Plaintiff has met the liberal standard required under the Federal Rules of Civil Procedure. Therefore, for the reasons discussed above, Defendant's Motion to Dismiss is **DENIED**. An appropriate Order shall enter.


Dated: 3/19/2012                                        /s/ Robert B. Kugler
                                                                       ROBERT B. KUGLER
                                                                       United States District Judge